IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 07-CV-00249-REBPAC, Courtroom _____

TAX SERVICES OF AMERICA, INC.,

  Plaintiff,

v.

LINDA MITCHELL, HAMIDOU DIARRA, and KERRY DYLES,

  Defendants.

### [PROPOSED] TEMPORARY RESTRAINING ORDER

  This matter having come before the Court on the Motion For Temporary Restraining Order And Preliminary Injunction filed by plaintiff Tax Services of America, Inc. ("TSA"), the Court having reviewed the Motion and the supporting memorandum and declarations, it is hereby Ordered that defendants Linda Mitchell ("Mitchell"), Hamidou Diarra ("Diarra"), and Kerry Dyles ("Dyles") are temporarily restrained from the date of this Temporary Restraining Order through and including the conclusion of the hearing on TSA's Motion For Preliminary Injunction as follows:

  1. Defendant Mitchell is prohibited from serving as or being an officer, director, or partner or member of; from being employed by; or from serving as a consultant with any business that prepares, reviews, advises on, and/or files federal and/or state income tax returns ("Tax Preparation Business"), which business is located within a fifty-mile radius of 12075 East 14th Avenue, Aurora, Colorado.

  2. Defendant Diarra is prohibited from serving as, or being an officer, director, or partner or member of; from being employed by; or from serving as a consultant with any Tax

Preparation Business located within a five-mile radius of 12075 East 14th Avenue, Aurora, Colorado.

3. Defendant Dyles is prohibited from employing defendant Mitchell in any Tax Preparation Business within a fifty-mile radius of 12075 East 14th Avenue, Aurora, Colorado, and from employing defendant Diarra in any Tax Preparation Business within a five-mile radius of 12075 East 14th Avenue, Aurora, Colorado. Defendant Dyles also is enjoined from permitting Mitchell or Diarra from serving as, or being an officer, director, or partner or member of; from serving as a consultant with; or owning an equity interest greater than two percent; in any Tax Preparation Business owned or controlled by Dyles within the respective restricted areas.

4. Defendants are prohibited from soliciting, directly or indirectly, for any Tax Preparation Business (a) any individual for whom Qwik Tax Services, L.L.C., prepared, reviewed, advised on, or filed federal and/or state income tax returns, and (b) any individual for whom Mitchell or Diarra prepared, reviewed, advised on, or filed federal and/or state income tax returns while employed by TSA. For purposes of this paragraph, the term "solicit" means any effort, including any form of advertisement, undertaken directly or indirectly, the purpose of a significant portion of which is to persuade a customer to engage the services of a Tax Preparation Business other than TSA.

5. Defendants Mitchell and Diarra are prohibited from soliciting any TSA employee to leave employment, or to decline employment, with TSA.

6. Defendants are prohibited from using or disclosing for any reason any of TSA's Confidential Information. For purposes of this paragraph, "Confidential Information" means any information concerning TSA's private affairs, including, but not limited to, customer lists and

2

other customer information; intellectual property; business and marketing plans and strategies; information concerning the products, promotions business policies and practices of TSA; and other forms of information designated by TSA as confidential, including TSA's trade secrets.

7.  Defendants are ordered to return to TSA (through its counsel), within three business days of the entry of this Temporary Restraining Order, all of TSA's Confidential Information, including its customer lists and other customer information, in paper form or stored on any movable electronic storage medium (such as a compact disc).

8.  Defendants are ordered to inform TSA's counsel in writing, within three business days of the entry of this Temporary Restraining Order, of the make, model, serial number and location of every computer and other electronic storage device (including servers, desktop and laptop computers, and any personal digital assistant, such as a Palm Pilot), used by any defendant to engage in any activity related in any way to the Tax Preparation Business.

9.  Defendants are ordered to permit, within five (5) business days of the entry of this Temporary Restraining Order, for a computer forensic specialist selected by TSA to (i) image all devices identified in accordance with Paragraph 8, above, and (ii) destroy all TSA confidential information stored on those devices in a manner which renders TSA's confidential information irretrievable.

10. This case is set for a preliminary injunction hearing on Feb 15, 2007, at 10:00 (a)(m) before the undersigned.

DATED at this 6 day of February 2007.

BY THE COURT:

*John L. Kane*
UNITED STATES DISTRICT COURT JUDGE

3