IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 07-cv-00249-REB-PAC

TAX SERVICES OF AMERICA, INC.,

    Plaintiff,

v.

LINDA MITCHELL, HAMIDOU DIARRA, and KERRY DYLES,

    Defendants.

---

## PRELIMINARY INJUNCTION

---

This matter having come before the Court on the Motion For Temporary Restraining Order And Preliminary Injunction filed by plaintiff Tax Services of America, Inc. ("TSA"), the Court having reviewed the Motion and the supporting memorandum and declarations, having reviewed Plaintiff's Preliminary Injunction Hearing Brief, having held a hearing on February 28, 2007, and having considered all other evidence submitted by the parties and their arguments, it is hereby:

ORDERED that TSA's Motion For Preliminary Injunction is GRANTED.

Defendants Linda Mitchell ("Mitchell"), Hamidou Diarra ("Diarra"), and Kerry Dyles ("Dyles") are enjoined from the date of this Order until the termination of this action as follows:

    1.    Defendant Mitchell is prohibited from directly or indirectly serving as or being

an officer, director, partner or member of; from being employed by; from serving as a consultant with; and from owning any equity interest greater than 2% in, any business that (a) prepares, reviews, advises on, and/or files federal and/or state income tax returns ("Tax Preparation Business"), which business is located within a fifty-mile radius of 12075 East 14th Avenue,

Aurora, Colorado ("Restricted Area I"), or (b) prepares or files income tax returns on the internet.

2.      Defendant Mitchell is prohibited from interfering with or harming, or intentionally attempting to interfere with or harm, the relationship with TSA or an Affiliate of TSA, or endeavor or attempt to entice away from TSA or an Affiliate of TSA, any person who at any time during Mitchell's employment with TSA was (a) a client of TSA for whom Mitchell prepared or electronically filed an income tax return during his employment with TSA, or (b) any other person whose taxes were prepared by TSA's office at 12075 East 14th Avenue during Mitchell's employment with TSA.

3.      Defendant Diarra is prohibited from directly or indirectly (a) owning, managing, operating, or controlling, or participating in the ownership, management, operation or control of, any non-TSA business providing income tax preparation services within a five-mile radius of 12075 East 14th Avenue ("Restricted Area II"), (b) providing income tax preparation services (as an employee, consultant, independent contractor or otherwise) within Restricted Area II for any non-TSA business that provides such services to the public, or (c) prepare or electronically file any income tax return for any client of TSA

for whom he prepared one or more income tax returns during his employment with TSA.

4. Defendant Diarra is prohibited from interfering with or harming, or intentionally attempting to interfere with or harm, the relationship with TSA or an Affiliate of TSA, or endeavor or attempt to entice away from TSA or an Affiliate of TSA, any person who at any time during Diarra's employment with TSA was (a) a client of TSA for whom Diarra prepared or electronically filed an income tax return during his employment with TSA, or (b) any other person whose taxes were prepared by TSA's office at 12075 East 14th Avenue during Diarra's employment with TSA.

5. Defendant Dyles is enjoined from permitting Mitchell to serve as, or act as an officer, director, or partner or member of; being employed by; from serving as a consultant with; or owning an equity interest greater than two percent; in any Tax Preparation Business owned or controlled by Dyles within Restricted Area I.

6. Defendant Dyles is enjoined from permitting directly or indirectly to (a) own, manage, operate, or control, or participate in the ownership, management, operation or control of, any non-TSA business providing income tax preparation services within Restricted Area II, (b) provide income tax preparation services (as an employee, consultant, independent contractor or otherwise) within Restricted Area II, or (c) prepare or electronically file any income tax return for any client of TSA for whom he prepared one or more income tax returns during his employment with TSA.

7. If Defendant Dyles employs Diarra in any Tax Preparation Business outside of Restricted Area II, Defendant Dyles will do the following:

  a. Bar Diarra from using on Dyles' behalf or on behalf of Kwik Tax Service, and from disclosing to Dyles or Kwik Tax Service, directly or indirectly, any of TSA's Confidential Information. "Confidential Information" means any information concerning TSA's private affairs, including, but not limited to, customer lists and other customer information; intellectual property; business and marketing plans and strategies; information concerning the products, promotions business policies and practices of TSA; and other forms of information designated by TSA as confidential, including TSA's trade secrets.

  b. Bar Diarra from directly or indirectly preparing or electronically filing any income tax return for any client of TSA for whom Diarra prepared one or more income tax returns during his employment with TSA. The term "indirectly" includes Diarra's referral to Mr. Dyles or to another tax preparer working for Mr. Dyles, or any client of TSA for whom Diarra prepared one or more income tax returns during his employment with TSA.

  c. Bar Diarra from soliciting any person whose taxes were prepared by TSA or by an affiliate of TSA. "Solicit" means any effort, including any form of advertisement, undertaken directly or indirectly, the purpose of a significant portion of which is to persuade a customer to engage the services of a Tax Preparation Business other than TSA.

8. Defendant Dyles will not permit any employee, independent contractor,

consultant, co-owner, or agent to any Tax Preparation Business in which Dyles has any ownership interest, to provide any tax preparation services to any TSA customer for whom Mitchell or Diarra prepared taxes between September 2003 and the date of this Order.

9. If this action is still pending as of December 15, 2007, defendant Dyles will send to each TSA customer for whom Mitchell or Diarra prepared taxes between September 2003 and the date of this Order and whose tax returns were prepared in 2007 by any Tax Preparation Business in which Dyles has any ownership interest a communication (the exact content of which will be agreed-upon by the parties) advising such customers that Dyles' Tax Preparation Business will not be available to prepare the individual's tax returns during 2008.

10. Defendants are prohibited from using or disclosing for any reason any of TSA's Confidential Information. For purposes of this paragraph, "Confidential Information" means any information concerning TSA's private affairs, including, but not limited to, customer lists and other customer information; intellectual property; business and marketing plans and strategies;
information concerning the products, promotions business policies and practices of TSA; and other forms of information designated by TSA as confidential, including TSA's trade secrets.

11. Defendants are ordered to return to TSA (through its counsel), within three business days of the entry of this Preliminary Injunction Order, all of TSA's Confidential Information, including its customer lists and other customer information, in paper form or stored on any movable electronic storage medium (such as a compact disc).

12. On May 1, 2007, and if this case is still pending on May 1, 2008, and on May

1, 2009, Defendant Mitchell shall provide to TSA's counsel a copy of each Form 8879, each Form 8453, and each written attestation submitted to the Internal Revenue Service (a) by any Tax Preparation Business in which Defendant Mitchell has any ownership interest or (b) for which Defendant Mitchell performed tax preparation services.

13. On May 1, 2007, and if this case is still pending on May 1, 2008, Defendant Diarra shall provide to TSA's counsel a copy of each Form 8879, each Form 8453, and each written attestation submitted to the Internal Revenue Service (a) by any Tax Preparation Business in which Diarra has any ownership interest, or (b) for which Diarra performed tax preparation services.

14. On May 1, 2007, and if this case is still pending on May 1, 2008, and May 1, 2009, Defendant Dyles shall provide to TSA's counsel a copy of each Form 8879, each Form 8453, and each written attestation submitted to the Internal Revenue Service by any Tax Preparation Business in which Dyles has any ownership interest, including, but not limited to, any such form prepared by Diarra or by Mitchell.

15. TSA shall have the right to create in May 2007, and if this case is still pending in May 2008 and in May 2009, a mirror image of each computer used by any Tax Preparation Business in which Defendants Mitchell, Diarra, and/or Dyles has a controlling ownership interest. Each defendant will be required to provide TSA on May 1, 2007, and if this case still is pending on May 1, 2008, and on May 1, 2009, with an affidavit in which he or she identifies each such computer by location, make, model and serial number. Any imaging shall be done at TSA's expense. The results of the imaging shall be deemed

Confidential-Restricted and subject to the Stipulated Confidentiality Order.

DATED at this 28th day of February 2007.

        BY THE COURT:

        ***s/John L. Kane***

        UNITED STATES DISTRICT COURT JUDGE