IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 07-cv-00249-REB-PAC

TAX SERVICES OF AMERICA, INC.,

    Plaintiff,

v.

LINDA MITCHELL, HAMIDOU DIARRA, and KERRY DYLES,

    Defendants.

**STIPULATED PRELIMINARY INJUNCTION**

Plaintiff Tax Services of America, Inc. ("TSA"), through its undersigned counsel; defendant Linda Mitchell ("Mitchell") and defendant Hamidou Diarra ("Diarra"), through their undersigned counsel; and defendant Kerry Dyles ("Dyles"), through his undersigned counsel hereby stipulate to, and the Court hereby ORDERS, the entry of the following Stipulated Preliminary Injunction:

1. For three years from the last date of her employment with TSA, defendant Mitchell is prohibited from serving as or being an officer, director, or partner or member of; from being employed by; from serving as a consultant with; or from owning an equity interest greater than two percent in, any business that prepares, reviews, advises on, and/or files federal and/or state income tax returns ("Tax Preparation Business"), which business is located within a fifty-mile radius of 12075 East 14th Avenue, Aurora, Colorado.

2. For two years from the last date of his employment with TSA, defendant Diarra is prohibited from serving as, or being an officer, director, or partner or member of; from being employed by; or from serving as a consultant with any Tax Preparation

Business located within a five-mile radius of 12075 East 14th Avenue, Aurora, Colorado.

3. Defendant Dyles is prohibited from employing defendant Mitchell in any Tax Preparation Business within a fifty-mile radius of 12075 East 14th Avenue, Aurora, Colorado, and from employing defendant Diarra in any Tax Preparation Business within a five-mile radius of 12075 East 14th Avenue, Aurora, Colorado. Defendant Dyles also is enjoined from permitting Mitchell or Diarra from serving as, or being an officer, director, or partner or member of; from serving as a consultant with; or owning an equity interest greater than two percent in any Tax Preparation Business owned or controlled by Dyles within the respective restricted areas.

4. Defendants are prohibited from soliciting, directly or indirectly, for any Tax Preparation Business (a) any individual for whom Qwik Tax Services, L.L.C. ("Qwik Tax"), prepared, reviewed, advised on, or filed federal and/or state income tax returns, and (b) any individual for whom Mitchell or Diarra prepared, reviewed, advised on, or filed federal and/or state income tax returns while employed by TSA. For purposes of this paragraph, the term "solicit" means any effort, including any form of advertisement targeted specifically at TSA's customers, undertaken directly or indirectly, the purpose of a significant portion of which is to persuade a customer to engage the services of a Tax Preparation Business other than TSA and includes referrals by Diarra or Mitchell of current or former TSA customers to any non-TSA Tax Preparation Business.

5. Defendants Mitchell and Diarra are prohibited from soliciting any TSA employee to leave employment, or to decline employment, with TSA. For purposes of this paragraph, the term "solicit" means any effort, including any form of advertisement

targeted specifically at TSA's customers, undertaken directly or indirectly, the purpose of a significant portion of which is to persuade a customer to engage the services of a Tax Preparation Business other than TSA.

6.  Defendants are prohibited from using or disclosing for any reason any of TSA's Confidential Information.  For purposes of this paragraph, "Confidential Information" means any information concerning TSA's private affairs, including, but not limited to, customer lists and other customer information; intellectual property; business and marketing plans and strategies;
information concerning the products, promotions business policies and practices of TSA; and other forms of information designated by TSA as confidential, including TSA's trade secrets.

7.  Commencing on the date of this Order, Defendant Dyles shall use a customer in-take questionnaire at any Tax Preparation Businesses for which he is the sole proprietor or in which he owns an interest greater than 50% ("Dyles Tax Preparation Business").  Each customer and potential customer seeking services after the date of this Order, from any Dyles Tax Preparation Business shall be presented with this questionnaire.  The questionnaire shall include a question asking each customer or potential customer to specify whether he or she was/is a customer of Qwik Tax Service, Jackson Hewitt or TSA or had his or her taxes previously prepared by Qwik Tax Service, Jackson Hewitt or TSA.  Neither Dyles nor any Dyles Tax Preparation Business will provide tax preparation services for any customer or potential customer who does not provide all of the requested information.  Dyles will not permit Defendant Diarra to provide tax preparation services to any individual who identifies himself or herself as (a)

3

a former customer of Qwik Tax Service (b) a customer of Jackson Hewitt or TSA during the 2005 or 2006 Tax Season, or (c) any individual who was solicited in violation of Paragraph 4, above.

8. Defendant Dyles shall not permit Diarra perform intake for any customer or potential customer of any Dyles Tax Preparation Business.

9. Defendants are ordered to inform TSA's counsel in writing, within seven (7) business days after April 15, 2008, of the make, model, serial number and location of every computer and other electronic storage device (including servers, desktop and laptop computers, and any personal digital assistant, such as a Palm Pilot), used by any defendant to engage in any activity related in any way to the Tax Preparation Business. If Mitchell or Diarra has not used a computer for such purposes, or has used only a computer owned directly or indirectly by Dyles, then Mitchell and/or Diarra shall provide TSA's counsel with an affidavit, sworn under penalty of perjury, making that representation. The requirements of Paragraph 10 shall not apply to Mitchell or to Diarra if she or he provides an affidavit in accordance with the preceding sentence.

10. Defendants are ordered to permit, by May 5, 2008, for a computer forensic specialist selected by TSA to (i) image all devices identified in accordance with Paragraph 9, above, and (ii) destroy all TSA confidential information stored on those devices in a manner which renders TSA's confidential information irretrievable. TSA will bear the entire cost of the computer imaging. This cost shall not be taxable as costs in the event this case is litigated to final judgment. On or about May 5, 2008, Defendants will produce to TSA's counsel each Form 8453 and each written attestation for any tax

return not filed electronically with the Internal Revenues Service and that is prepared by any defendant or by any Dyles Tax Preparation Business.

11. Each defendant is ordered to submit to TSA's undersigned counsel on or about May 30, 2007; February 28, 2008; and April 30, 2008, an affidavit attesting to his or her compliances of each term of this Stipulated Preliminary Injunction which applies to him or her.

12. The period of expedited discovery ended as of February 28, 2007.

It is so ORDERED this 30th day of May 2007, *nunc pro tunc* February 28, 2007.

**BY THE COURT:**

**s/ Robert E. Blackburn**

_____
**UNITED STATES DISTRICT JUDGE**

STIPULATED TO AND APPROVED AS TO FORM this 17th day of May, 2007.

*s/ Kristal L. Bernert*
Kristal L. Bernert, JD, CPA
KLB Services LLC
2317 Humboldt Street
Denver, CO  80205
Phone:  303.832.7576

ATTORNEY FOR DEFENDANT KERRY DYLES

*s/ Richard J. Gleason*
Richard J. Gleason
The Overton Law Firm
1080 Kalamath Street
Denver, Colorado 80204

Telephone: 303.832.1120

ATTORNEY FOR DEFENDANTS LINDA
MITCHELL AND HAMIDOU DIARRA