IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00249-REB-PAC

TAX SERVICES OF AMERICA, INC.,

    Plaintiff,

v.

LINDA MITCHELL,
HAMIDOU DIARRA, and
KERRY DYLES,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT KERRY DYLES' COUNTERCLAIMS

**Blackburn, J.**

The matter before me is plaintiff's **Motion To Dismiss Defendant Kerry Dyles' Counterclaims** [#35], filed March 29, 2007. I grant the motion.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice to prevent a motion to dismiss." ***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993); ***see also Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 123 S.Ct. 1908 (2003). I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, – U.S. –, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[1]

### III. ANALYSIS

In 2003, plaintiff purchased Qwik Tax Service from defendant Linda Mitchell. Following the sale, Mitchell and defendant Hamidou Diarra continued to work for Qwik Tax Service as tax preparers. Both signed employment agreements containing non-compete, non-solicitation, and non-disclosure clauses that operated both during the

---

[1] Until recently, the standard of review for a 12(b)(6) motion was whether "'it appear[ed] beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" ***Beedle v. Wilson***, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). The Tenth Circuit has noted that the relationship between the standard announced in ***Bell Atlantic Corp.*** and the Supreme Court's contemporaneous decision in ***Erickson v. Pardus***, – U.S. –, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), which upheld the notice pleading standards of Rule 8(a)(2), is not entirely clear. ***See Alvarado v. KOB-TV, L.L.C.***, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). Nevertheless, my decision with respect to plaintiff's motion would be the same under either the ***Conley v. Gibson*** "no set of facts" standard or the ***Bell Atlantic Corp./Ridge at Red Hawk*** plausibility standard. ***See id.***

term of their employment and for three years after their employment with plaintiff ended.

In January, 2007, Mitchell and Diarra were hired by defendant Kerry Dyles as the principal tax preparers for Kwik Tax Service, a newly established business operating directly across the street from plaintiff's Qwik Tax Service. Mitchell then allegedly began to solicit Qwik Tax Service's customers, using its proprietary and confidential customer list, and falsely telling those customers that Qwik Tax Service had moved to Kwik Tax Service's address. Plaintiff has sued defendants for breach of contract, misappropriation of trade secrets, tortious interference with existing and prospective business relationships, and civil conspiracy.

The present motion is addressed to the three counterclaims filed by Dyles against plaintiff. The first alleges tortious interference with existing and prospective business relationships. This counterclaim is premised on the notion that plaintiff's filing of this allegedly groundless lawsuit has negatively impacted Dyles's relationships with existing and prospective customers. In order to sustain such a claim, Dyles must establish, *inter alia*, that plaintiff "improperly" induced third parties either not to honor existing contracts or not to enter into contracts with Dyles. **See Seidl v. Greentree Mortgage Co.**, 30 F.Supp.2d 1292, 1302 (D. Colo. 1998) (citing **Amoco Oil Co. v. Ervin**, 908 P.2d 493, 500 (Colo. 1995)).

The institution of a lawsuit may be improper, and, thus, satisfy this element of a tortious interference claim, "'if the actor has no belief in the merit of the litigation or if, though having some belief in its merit, he nevertheless institutes or threatens to institute the litigation in bad faith, intending only to harass the third parties and not to

3

bring his claim to definitive adjudication.'" ***Employment Television Enterprises, LLC v. Barocas***, 100 P.3d 37, 46 (Colo. App. 2004) (quoting **RESTATEMENT (SECOND) OF TORTS** § 767, cmt c).  Yet apart from the mere recitation of this standard, Dyles's counterclaim alleges no facts suggesting that plaintiff had no belief in the merit of this litigation or that it instituted the lawsuit solely to harass Dyles.  Bare-bones, conclusory allegations such as pled here are insufficient to withstand a motion to dismiss, even under the older, arguably more lenient "no set of facts" standard of review.  ***See Erikson v. Pawnee County Board of County Commissioners***, 263 F.3d 1151, 1154 (10th Cir. 2001), ***cert. denied***, 122 S.Ct. 1438 (2002).  They are clearly insufficient under the more recent plausibility standard.  ***See Ridge at Red Hawk, L.L.C.***, 493 F.3d at 1177.  Plaintiff's motion as to this counterclaim therefore will be granted.

Dyles's second counterclaim is styled as "unfair competition and predatory pricing."  Although plaintiff analyzes the claim under section 2 of the Sherman Antitrust Act, plaintiff insists he intended to and has pled a viable cause of action under section 1 of the Act.  To prove either type of claim, Dyles must allege facts which show "a contract, combination or conspiracy that unreasonably restrains trade in the relevant market."  ***TV Communications Network, Inc. v. Turner Network Television, Inc.***, 964 F.2d 1022, 1027 (10th Cir.), ***cert. denied***, 113 S.Ct. 601 (1992).  Dyles's counterclaim contains no allegation sufficient to make out this element of an antitrust claim.

Dyles argues that his allegation that plaintiff instituted a lawsuit for the purpose of damaging him by causing waste of corporate funds is sufficient.  I am not persuaded.

4

In the case on which Dyles's relies, **Atlantic Heel Co. v. Allied Heel Co.**, 284 F.2d 879 (1st Cir. 1960), the pertinent allegation was but one of ten separate enumerated acts claimed to constitute a violation of the antitrust laws.[2] Other than listing this allegation as one of the many stated in the complaint, the court did not specifically address its viability as a separate basis for liability under the Sherman Act. Moreover, that allegation contained the vital contention, absent in this case, that the defendants conspired among themselves to bring the allegedly spurious suit. *Id.* at 880. Indeed, the holding of the case recognizes that a conspiracy is the *sine qua non* of an antitrust claim. *Id.* at 883-84.[3] For these reasons, plaintiff's motion to dismiss for failure to state a claim should be granted with respect to this second counterclaim as well.

Dyles's final counterclaim alleges abuse of process, which he styles as narrowly focused on plaintiff's request for a preliminary injunction, and the expedited discovery that attended it. An abuse of process claim under Colorado law requires proof, *inter alia*, of "willful actions by a party in the use of the process which are not proper in the regular conduct of a civil action." **American Express Financial Advisors, Inc. v. Topel**, 38 F.Supp.2d 1233, 1242 (D. Colo. 1999) (citing **Moothart v. Bell**, 21 F.3d

---

[2] Indeed, the First Circuit itself has essentially confined the holding of **Atlantic Heel** to its facts. **See George R. Whitten, Jr., Inc. v. Paddock Pool Builders, Inc.**, 508 F.2d 547, 561-62 (1st Cir. 1974), **cert. denied**, 95 S.Ct. 2407 (1975).

[3] Dyles further suggests that he has stated a claim under section 15 of the Sherman Act. Section 15, however, is not a substantive provision, but rather merely describes damages available thereunder. The case on which plaintiff relies for this proposition, **Grip-Pak, Inc. v. Illinois Tool Works, Inc.**, 694 F.2d 466 (7th Cir. 1982), **cert. denied**, 103 S.Ct. 2430 (1983), actually involved alleged violations of the Clayton Act. One of the sections analyzed there addresses price fixing, 15 U.S.C. § 14, which Dyles insists is not the gravamen of his counterclaim (**see** Dyles's Resp. Br. at 4), and the other speaks to monopolization, 15 U.S.C. § 18, an issue clearly not implicated by Dyles's pleadings.

1499, 1508 (10th Cir. 1994)). As with his tortious interference counterclaim, however, Dyles has pled no facts suggesting that plaintiff's actions in requesting the preliminary injunction were "not proper in the regular conduct of a civil action." His conclusory allegations merely parroting the elements of an abuse of process claim are insufficient to withstand plaintiff's motion to dismiss.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion To Dismiss Defendant Kerry Dyles' Counterclaims** [#35], filed March 29, 2007, is **GRANTED**; and

2. That the First, Second, and Third Counterclaims for Relief set forth in **Defendant Kerry Dyles' Answer, Affirmative Defenses, Counterclaims, and Cross Claims to Plaintiff's Complaint and Jury Demand** at 14-16, ¶¶ 97-114 [#33], filed March 9, 2007, are **DISMISSED** for failure to state claims on which relief may be granted.

Dated December 18, 2007, at Denver, Colorado.

              **BY THE COURT:**

              **s/ Robert E. Blackburn**
              **Robert E. Blackburn**
              **United States District Court**