IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00249-REB-KLM

TAX SERVICES OF AMERICA, INC.,

    Plaintiff,

v.

LINDA MITCHELL,
HAMIDOU DIARRA, and
KERRY DYLES,

    Defendants.

## ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court pursuant to its Orders of November 26, 2007 [Docket No. 76] ("Diarra Order for Sanctions") and November 28, 2008 [Docket No. 77] ("Dyles Order for Sanctions"). Per those Orders, I awarded Plaintiff the reasonable attorney fees relating to Defendants Diarra's and Dyles' failures to respond to discovery requests propounded by Plaintiff, and due to Diarra's failure to comply with an Order of the Court. The Court directed Plaintiff to file affidavits by December 7, 2007, certifying the reasonable attorney fees incurred relating to litigating the Motions to Compel as to both Defendants and to the failure to respond to the discovery requests as to Defendant Dyles only. Plaintiff did so [Docket Nos. 81-83 as to Defendant Diarra; Docket Nos. 86-88 as to Defendant Dyles]. The Court also directed Defendants Diarra and Dyles to file their objections to these affidavits, if any, no later than December 10, 2007 (Diarra) and December 11, 2007 (Dyles). No objections were filed by either Defendant.[1]

    It is the Court's responsibility to make an independent determination as to the reasonableness of the sanction. *See* Fed. R. Civ. P. 37(a) & (b) (noting that the sanctions must both be just and related to the claim at issue); *see generally Beilue v. Int'l Bhd. Of Teamsters, Local No. 492*, 13 Fed. Appx. 810, 813 (10th Cir. 2001) (holding that the award of attorney fees for abuse of the discovery process "is a remedy provided for by law and

---

[1] The Court notes that its Order granting sanctions against Defendant Diarra was returned to the Court as undeliverable to Diarra [Docket No. 79]. The Court also notes that Defendant Mitchell informed the Court that Diarra has been out of the country in Africa since July 2007 [Docket No. 71]. Finally, the Court notes that Diarra did not provide the Clerk with a change of address, a violation of D.C. Colo. L. Civ. R. 10.1M.

within the inherent power of the court"). Having considered the affidavits filed by Plaintiff, the Court sanctions Defendants Diarra and Dyles as follows.

IT IS HEREBY **ORDERED** that pursuant to the Diarra Order for Sanctions, Defendant Diarra shall pay **$4945.00** toward the attorney fees incurred by Plaintiff. Although Plaintiff's counsel certified that the fees incurred by Plaintiff were $5,575.00 (5 hours at $390/hour [partner] and 14.5 hours at $250/hour [associate]), the Court determines that a reasonable rate of $250/hour should apply to all the instances where the partner reviewed and edited another attorney's work. Here, that accounts for 4.5 of the 5 hours billed by the partner. Therefore, the Court determines the reasonable sanction amount using the following breakdown: .5 hours at $390/hour and 19 hours at $250/hour.

IT IS HEREBY **ORDERED** that pursuant to the Dyles Order for Sanctions, Defendant Dyles shall pay **$8382.50** toward the attorney fees incurred by Plaintiff. Although Plaintiff's counsel certified that the fees incurred by Plaintiff were $9,130.00 (8.25 hours at $390/hour [partner] and 23.65 hours at $250/hour [associate]), the Court determines that a reasonable rate of $250/hour should apply to all the instances where the partner reviewed and edited another attorney's work. Here, that accounts for 5.25 of the 8 hours billed by the partner. Therefore, the Court determines the reasonable sanction amount using the following breakdown: 3 hours at $390/hour and 28.85 at $250/hour.

IT IS FURTHER **ORDERED** that the amounts set forth in this Order shall be paid on or before **February 1, 2008**, or the Court will recommend that judgment be entered in favor of Plaintiff and against Defendants in the those amounts. Plaintiff shall notify the Court as to whether Defendants have complied with this Order.

Dated: January 7, 2008

                                                  BY THE COURT:

                                                  s/ Kristen L. Mix
                                                  U.S. Magistrate Judge
                                                  Kristen L. Mix