IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00249-REB-KLM

TAX SERVICES OF AMERICA, INC.,

    Plaintiff,

v.

LINDA MITCHELL,
HAMIDOU DIARRA, and
KERRY DYLES,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE, ORDER GRANTING MOTION TO ENFORCE, AND ORDER TO COMPLY WITH COURT ORDERS

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the Order to Show Cause Issued to Defendant Hamidou Diarra [Docket No. 104; Filed March 17, 2008] ("Order to Show Cause"). The Order to Show Cause arose from Plaintiff's Motion to Enforce Judgment Against Defendant Hamidou Diarra [Docket No. 98; Filed February 6, 2008] ("Motion to Enforce"). Defendant Diarra did not respond to the Motion to Enforce. As such, the Court issued an Order to Show Cause instructing Defendant Diarra to show cause by April 4, 2008 why the Motion to Enforce should not be granted and judgment entered against him in the amount of $4,945.00 or other sanctions imposed [Docket No. 104]. Defendant Diarra, who is proceeding *pro se*, responded to the Order to Show Cause on March 31, 2008, and asked the Court to excuse his delinquent discovery conduct [Docket No. 113]. Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1(C), the Court recommends that the Order

to Show Cause be made absolute and that judgment be entered against Defendant Diarra in the amount of $4,945.00.

On September 19, 2007, Plaintiff moved to compel Defendant Diarra to respond to Plaintiff's Combined Discovery Requests [Docket No. 68]. The Court granted the motion but declined to award Plaintiff attorney fees or otherwise sanction Defendant Diarra, although I warned him of this possibility should he continue to neglect his discovery obligations [Docket No. 70]. Defendant Diarra did not comply with my Order, and on October 30, 2007, Plaintiff moved for sanctions against Defendant Diarra [Docket No. 72]. Defendant Diarra did not respond. On November 26, 2007, I granted Plaintiff's Motion for Sanctions in part, and I awarded Plaintiff the reasonable attorney fees associated with litigating the Motion to Compel [Docket No. 76].[1] I directed Plaintiff to file affidavits by December 3, 2007, certifying the reasonable attorney fees in that regard. Plaintiff did so [Docket Nos. 81-84]. I also directed Defendant Diarra to file his objections to these affidavits, if any, no later than December 10, 2007. Defendant Diarra did not object. As such, on January 7, 2008, I issued an order directing Defendant Diarra to pay $4,945.00 in attorney fees to Plaintiff by February 1, 2008 [Docket No. 90].[2] In that Order, I warned

---

[1] The Court notes that Defendant Linda Mitchell filed a "Response to Minute Order on Behalf of Hamidou Diarra" [Docket No. 71, October 23, 2007]. Defendant Mitchell is neither an attorney nor authorized to represent Defendant Diarra. She informed the Court that Defendant Diarra "is out of the country [in Bamako, Mali, West Africa] and not ignoring Requests by Tax Services of America, Inc." Defendant Diarra was previously represented by counsel, but that counsel was given leave to withdraw on August 9, 2007 [Docket No. 64]. Pursuant to counsel's withdrawal request, he certified that Defendant Diarra was provided with a copy of the written discovery propounded by Plaintiff and was aware of his obligation to respond to it [Docket No. 64, Filed August 3, 2007].

[2] Although Defendant Diarra failed to object, I reduced the amount of fees requested by Plaintiff from $5,575.00 to $ 4,945.00 [Docket No. 90].

Defendant Diarra that his failure to pay $4,945.00 to Plaintiff by the deadline would prompt the Court to recommend that judgment be entered against him in that amount.

Defendant Diarra failed to comply with my Order, and on February 6, 2008, Plaintiff moved to enforce judgment against him in the amount of $4,945.00 [Docket No. 98]. Defendant Diarra did not respond to the motion, which prompted the Court to issue an Order to Show Cause why the Court should not enforce judgment against him or impose other sanctions [Docket No. 104]. On March 31, 2008, Defendant Diarra filed a Response to the Order to Show Cause [Docket No. 113]. He asked the Court to excuse his discovery abuses and his failure to abide by several Court Orders because he was in Bamako, Mali (West Africa) visiting his mother during the duration of the discovery dispute. While the Court is sympathetic to the obligations of family and the difficulties of *pro se* litigation, these facts do not excuse Defendant Diarra's clear disregard of the Court's Orders and disrespect for the system of justice.

A party to litigation cannot simply leave the country, ignore his legal obligations, and later use his absence as an excuse, particularly where the party is *pro se* and responsible for his own defense. Defendant Diarra knew of his discovery obligations prior to his departure. Further, Defendant Diarra informed the Court that he returned from Africa on January 23, 2008. As of that date, the deadline for payment of Plaintiff's attorneys fees had not yet expired. Rather than immediately contact the Court with news of his return, meet his fee payment deadline, or promptly attempt to remedy his noncompliance with the Court's Orders and respond to the outstanding discovery requests, Defendant Diarra did nothing. Indeed, Plaintiff filed its Motion to Enforce on February 6, 2008, after Defendant

Diarra's return, and he still did not respond or offer any justification for his countless abuses of the judicial system.[3]

The Court's "discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular "claim" which was at issue in the order to provide discovery.'" *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992) (citation omitted). Defendant Diarra is proceeding *pro se*. Therefore, the Court must construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Pursuant to Fed. R. Civ. P. 37(b), I recommend that the Order to Show Cause be made absolute. Despite Defendant Diarra's *pro se* status, he is not at liberty to ignore the Federal and Local Rules of Civil Procedure, and his failure to abide by my Orders prompts such a sanction. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Although the Court could recommend further sanctions against Defendant Diarra pursuant to Rule 37(b)(2)(A), e.g., default judgment, I limit my Recommendation to the relief requested by Plaintiff in its Motion to Enforce.[4]

---

[3] Plaintiff has informed the Court in its Reply to the Order to Show Cause [Docket No. 115] that Defendant Diarra still has not complied with the Court's Orders [Docket Nos. 70 & 76] compelling him to respond to the outstanding discovery requests propounded by Plaintiff. Pursuant to this Recommendation, I also order that Defendant Diarra must fully comply with all outstanding discovery requests on or before **May 5, 2008** or risk further sanction, including the possibility that I will recommend that judgment be entered against him. The Court notes that Order No. 76 was returned as undeliverable to Defendant Diarra [Docket No. 79], however, Plaintiff certified that it delivered this Order by hand to Defendant Diarra without issue [Docket No. 115, at 3]. The Court also notes that Defendant Diarra represented in his Response to the Order to Show Cause [Docket No. 113 at 2] that he did not receive all of the Court's mail while he was in Africa. While it is a party's responsibility to inform the Court of a change of address, D.C. Colo. L. Civ. R. 10.1(M), the Court will direct the Clerk to send Defendant Diarra copies of Order Nos. 70, 76, and 90.

[4] Default judgment is an extreme sanction, and while I am troubled by Defendant Diarra's conduct, I have chosen not to sanction him in this regard given his *pro se* status.

For the reasons stated above,

I RECOMMEND that the Order to Show Cause be made **ABSOLUTE** and that **judgment be entered against Defendant Diarra in the amount of $4,945.00**.[5]

I HEREBY **ORDER** that the Motion to Enforce is **GRANTED**.

I FURTHER **ORDER** that Defendant Diarra shall respond to all outstanding discovery requests propounded by Plaintiff by **May 5, 2008**. To this end, the Clerk shall send copies of Order Nos. 70, 76, and 90 to Defendant Diarra at his current mailing address.

Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

Further, in issuing this Recommendation, because I have chosen a sanction less than entry of default judgment, I need not consider the *Ehrenhaus* factors. *See Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667, at * 2 (D. Colo. March 6, 2008) (unpublished decision).

[5] This Recommendation for judgment does not resolve the claims asserted by Plaintiff against Defendant Diarra, and the case will proceed as to the merits of those claims.

Dated: April 16, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix