IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00249-REB-KLM

TAX SERVICES OF AMERICA, INC.,

    Plaintiff,

v.

LINDA MITCHELL,
HAMIDOU DIARRA, and
KERRY DYLES,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on my Order to Show Cause Issued to Defendant Kerry Dyles [Docket No. 105; Filed March 17, 2008] ("Order to Show Cause"). The Order to Show Cause arose from Plaintiff's Motion to Enforce Judgment Against Defendant Kerry Dyles [Docket No. 99; Filed February 6, 2008] ("Motion to Enforce"). Defendant Dyles did not respond to the Motion to Enforce. As such, the Court issued an Order to Show Cause instructing Defendant Dyles to show cause why the Motion to Enforce should not be granted and judgment entered against him in the amount of $8,382.50 or other sanctions imposed [Docket No. 105].

    On April 3, 2008, a hearing was conducted regarding, in part, the Order to Show Cause [Docket No. 114, amended by Docket No. 116]. At the hearing, I granted the Motion to Enforce and informed the parties that I intended to recommend that judgment be entered against Defendant Dyles in the amount sought by Plaintiff. Pursuant to 28 U.S.C.

§ 636(b)(1) and D.C. Colo. L. Civ. R. 72.1(C), the Court recommends that the Order to Show Cause be made absolute and that judgment be entered against Defendant Dyles in the amount of $8,382.50.

On November 6, 2007, Plaintiff moved to compel Defendant Dyles to respond to Plaintiff's Combined Discovery Requests [Docket No. 74]. Defendant Dyles did not respond. On November 28, 2007, I granted Plaintiff's Motion to Compel Defendant Dyles to respond to the discovery requests, and I awarded Plaintiff the reasonable attorney fees associated with litigating the Motion to Compel pursuant to Fed. R. Civ. P. 37(a) [Docket No. 77]. I was particularly moved to require Defendant Dyles to pay fees because he was represented by counsel and nothing in the record before the Court excused his failure to respond to the Combined Discovery Requests.[1] I directed Plaintiff to file affidavits by December 7, 2007, certifying the reasonable attorney fees in that regard. Plaintiff did so [Docket Nos. 86-88]. I also directed Defendant Dyles to file his objections to these affidavits, if any, no later than December 11, 2007. Defendant Dyles did not object. As such, on January 7, 2008, I issued an order directing Defendant Dyles to pay $8,382.50 in attorney fees to Plaintiff by February 1, 2008 [Docket No. 90].[2] In that Order, I warned Defendant Dyles that his failure to pay $8,382.50 to Plaintiff by the deadline would prompt

---

[1] Defendant Dyles has, at all times pertinent to this dispute, been represented by counsel. On March 13, 2008, attorney Bruce Alan Logan of MC Williams & Associates entered an appearance on behalf of Defendant Dyles [Docket No. 103]. The appearance also purported to be a substitution for Defendant Dyles' acting counsel to date, Dereck C. Epps (lead) and Kristal L. Bernert of the Law Office of Dereck C. Epps, LLC, but until such time as those attorneys move to withdraw, they remain as counsel of record for Defendant Dyles.

[2] Although Defendant Dyles failed to object, I reduced the amount of fees requested by Plaintiff from $9,130.00 to $ 8,382.50 [Docket No. 90].

2

the Court to recommend that judgment be entered against him in that amount. Defendant Dyles failed to comply and has offered no reasonable explanation for his clear disregard of my Order.[3]

The Court's "discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular "claim" which was at issue in the order to provide discovery.'" *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992) (citation omitted). Pursuant to Fed. R. Civ. P. 37(b)(2)(A), I recommend that the Order to Show Cause be made absolute. Although the Court could recommend further sanctions against Defendant Dyles pursuant to Rule 37(b)(2)(A), e.g., default judgment, I limit my Recommendation to the relief requested by Plaintiff in its Motion to Enforce.[4]

For the reasons stated above, the Court RECOMMENDS that the Order to Show Cause be made **ABSOLUTE** and that **judgment be entered against Defendant Dyles in the amount of $8,382.50**.[5]

Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this

---

[3] The Court also notes that Defendant Dyles failed to comply with the Order compelling his responses to Plaintiff's pending discovery requests [Docket No. 77], and Plaintiff filed a second motion to compel [Docket No. 96]. At the April 3, 2008 hearing, Defendant Dyles indicated his intention to comply with the outstanding discovery requests. As such, I have held the motion in abeyance and directed the parties to attempt to amicably resolve the dispute [Docket No. 114, amended by Docket No. 116].

[4] Default judgment is an extreme sanction, and I am not persuaded that Defendant Dyles' conduct rises to the level of wilfulness required to merit such a sanction. Further, in issuing this Recommendation, because I have chosen a sanction less than entry of default judgment, I need not consider the *Ehrenhaus* factors. *See Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667 at * 2 (D. Colo. March 6, 2008) (unpublished decision).

[5] This Recommendation for judgment does not resolve the claims asserted by Plaintiff against Defendant Dyles, and the case will proceed as to the merits of those claims.

Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 16, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix