IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00249-REB-KLM

TAX SERVICES OF AMERICA, INC.,

    Plaintiff,

v.

LINDA MITCHELL,
HAMIDOU DIARRA, and
KERRY DYLES,

    Defendants.

## ORDER REGARDING PLAINTIFF'S STATUS REPORT [DOCKET NO. 120]

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court pursuant to Plaintiff's Report to Magistrate Judge Kristen L. Mix on Defendant Kerry Dyles' Failure to Comply with Court's April 4, 2008 Minute Order Compelling Discovery [Docket No. 120; Filed April 16, 2008] ("Status Report"). To give context to the Order, the Court provides the following background.

To date, the Court finds that Defendant Dyles ("Defendant"), who is represented by counsel, has failed to comply with four Orders issued by the Court.[1] First, on November 6, 2007, Plaintiff moved to compel Defendant to respond to Plaintiff's Combined Discovery Requests [Docket No. 74] ("First Motion to Compel"). Defendant did not respond. On November 28, 2007, I granted Plaintiff's First Motion to Compel and ordered Defendant to

---

[1] Defendant has, at all times pertinent to this dispute, been represented by counsel. On March 13, 2008, attorney Bruce Alan Logan of MC Williams & Associates entered an appearance on behalf of Defendant [Docket No. 103]. The appearance also purported to be a substitution for Defendant's acting counsel through that date, Dereck C. Epps of the Law Office of Dereck C. Epps, LLC, and Kristal L. Bernert of KLB Services, LLC. Until such time as those attorneys move to withdraw, they also remain as counsel of record for Defendant.

comply with my Order by December 7, 2007 [Docket No. 77]. I also indicated that Defendant's "failure to raise objections to the Combined Discovery Requests waives all such objections, other than those based on privilege." Order at 2 [Docket No. 77]. Finally, I noted that Defendant's "failure to comply with this Order will result in the imposition of further sanctions, including the possibility of entry of a default judgment against him without further notice." *Id.* Defendant failed to comply with my **November 28, 2007 Order**.

Second, in conjunction with my Order regarding the First Motion to Compel, I awarded Plaintiff its reasonable attorney fees associated with litigating the Motion to Compel pursuant to Fed. R. Civ. P. 37(a). I was particularly moved to require Defendant to pay fees because he was represented by counsel and nothing in the record before the Court excused his total failure to respond to the Combined Discovery Requests or to the Motion to Compel. I directed Plaintiff to file affidavits by December 7, 2007, certifying its reasonable attorney fees. Plaintiff did so [Docket Nos. 86-88]. I also directed Defendant to file his objections to those affidavits, if any, no later than December 11, 2007. Defendant did not object. As such, on January 7, 2008, I issued an Order directing Defendant to pay $8,382.50 in attorney fees to Plaintiff by February 1, 2008 [Docket No. 90]. In that Order, I warned Defendant that his failure to pay Plaintiff by the deadline would prompt the Court to recommend that judgment be entered against him in that amount. Defendant failed to comply with my **January 7, 2008 Order** and has offered no reasonable explanation for his clear disregard of my Order.[2]

---

[2] Defendant's failure to comply with this Order prompted me to issue an Order to Show Cause to Defendant why judgment should not be entered or other sanctions imposed [Docket No. 105]. Thereafter, I issued a Recommendation that judgment be entered against Defendant in the amount of $8,382.50 [Docket No. 119]. The Recommendation is pending before the

Third, due to Defendant's failure to comply with my Order of November 28, 2007, Plaintiff filed a second motion to compel Defendant to respond to Plaintiff's discovery requests [Docket No. 96] ("Second Motion to Compel"). On April 3, 2008, I conducted a hearing to address the motion [Docket No. 114]. Defendant acknowledged that he had not fully responded to the Combined Discovery Requests. Rather than rule on the Second Motion to Compel at that time, I gave Defendant until noon on April 14, 2008 to fully respond to Plaintiff's outstanding discovery requests.[3] I noted that I would take Defendant's timely compliance with my Order into consideration in determining whether and how much to sanction Defendant for his failure to comply with my first discovery Order. Defendant did not comply with my **April 3, 2008 Order**.

Fourth, on April 16, 2008, Plaintiff filed a Status Report and indicated that Defendant failed to comply with my April 3, 2008 Order, and that Defendant had still not fully responded to the outstanding Combined Discovery Requests [Docket No. 120]. Plaintiff's Status Report indicated that Defendant had only partially responded to the outstanding discovery requests, and that he did not do so in a timely way. On April 21, 2008, I ordered Defendant to respond to the Status Report by April 28, 2008. I also informed Defendant

---

District Court Judge. To date, Defendant has not filed an objection. His deadline for doing so was April 30, 2008. At the time of the Court's Recommendation, the Court considered recommending entry of default judgment against Defendant, but rejected doing so in favor of giving Defendant a chance to mitigate his noncompliance with my November 28, 2007 Order by fully responding to the outstanding Combined Discovery Requests. The Court was also persuaded not to recommend default judgment because of the appearance of new counsel for Defendant who had not participated in Defendant's discovery abuses up to that point. *See infra* note 1. Since the filing of my Recommendation, however, Defendant has failed to comply with two additional Court Orders.

[3] The Court notes that April 14, 2008 was the date proposed by Defendant for him to fully respond to the Combined Discovery Requests.

that his failure to timely comply with my Order "may result in the Court recommending that default judgment be entered against Defendant Dyles." Order at 1 [Docket No. 121]. Despite my clear admonition, Defendant failed to timely comply with my **April 21, 2008 Order**. While he did file a response, he filed it out of time and offered no justification for his inability to meet the Court-ordered deadline [Docket No. 127].

At issue in the Status Report is the timeliness and degree of Defendant's supplementation of his previous discovery responses. Plaintiff has set forth several areas in which Defendant's supplementation did not adequately satisfy the corresponding discovery request. Specifically, Plaintiff claims that Defendant has not fully responded to Interrogatory Nos. 4, 7, 10 and 11 and Document Request Nos. 3, 5, 6, 12 and 18. In Defendant's untimely response to the Status Report, he acknowledged that his supplementation of the discovery responses was not made within the Court's prescribed deadline [Docket No. 127]. While he also acknowledged that he had not fully responded to the outstanding discovery requests, he described in detail the substantial amount of information and documents he had produced since the April 3, 2008 hearing. The Court has reviewed both the Status Report and Defendant's Response and finds that Defendant's discovery responses are inadequate. Accordingly,

IT IS HEREBY **ORDERED** that Defendant must supplement his responses to the Combined Discovery Requests as set forth below on or before **5:00 p.m. on May 13, 2008**. This is Defendant's **final opportunity** to complete his discovery production. Defendant shall provide:

(A) A description of the amounts of money and/or other compensation paid by

4

Defendant to Linda Mitchell and Hamidou Diarra, the dates of all such payments, and the services for which such compensation was paid;

(B)   A complete list of the names, addresses and telephone numbers of all individuals sent by TSA to have their tax returns prepared by Kwik Tax;

(C)   A description of each communication, verbal or written, by any Kwik Tax employee or agent with each person identified in B above regarding TSA sending them to have their tax returns prepared by Kwik Tax;

(D)   A list of all persons for whom Kwik Tax prepared and/or filed state or federal income tax return(s) from January 1, 2003 to the present, broken down by Kwik Tax Office, AND FOR EACH PERSON identified their address, social security number, date tax returns were prepared and/or filed, name or identification number of tax preparer, fee charged, fee paid, explanation for any difference between the fee charged and the fee paid, explanation of any discounts provided, gross profit and net profit earned, and method for calculating gross profit and net profit;

(E)   The time frames within which Mary Bracken, Hamidou Diarra and Linda Mitchell prepared and/or filed income tax returns for Kwik Tax and the addresses of all offices where all five individuals previously identified worked;

(F)   A statement as to whether all documents relating to establishment of the Peoria Kwik Tax office have been provided. If not, copies of additional responsive documents;

(G)   All records relating to an employment relationship between Kwik Tax and anyone other than Diarra or Mitchell;

(H) Dyles' personal income tax return for 2007; and

(I) The cellular telephone service provider relating to the previously produced telephone records release.

IT IS FURTHER **ORDERED** that Defendant shall file a written certificate of compliance with this Order on or before **5:00 p.m. on May 13, 2008**. The written certificate shall certify that the information and documents described in items A-I above have been provided to Plaintiff and shall be signed by Defendant **AND** his counsel.

IT IS FURTHER **ORDERED** that if Defendant Mitchell's deposition has already been taken, Plaintiff may reopen her deposition for no more than two hours to examine her regarding the discovery outlined above. The deposition, if Plaintiff determines one is necessary, shall be set on a date and time mutually convenient for parties and counsel.

IT IS FURTHER **ORDERED** that the Motion to Compel [Docket No. 96] remains in **ABEYANCE until May 14, 2008.**

IT IS FURTHER **ORDERED** that the **failure to fully comply with this Order will result in the Court recommending that default judgment be entered against Defendant as a discovery sanction without further notice**. Full compliance with this Order can only be satisfied by (1) timely providing to Plaintiff the information and documents described in items A-I **and** (2) timely filing a written certificate of compliance signed by Defendant and his counsel.

Dated: May 6, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix