IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00249-REB-KLM

TAX SERVICES OF AMERICA, INC.,

    Plaintiff,

v.

LINDA MITCHELL,
HAMIDOU DIARRA, and
KERRY DYLES,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
## AND ORDER DENYING MOTION TO COMPEL AS MOOT

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court pursuant to Fed. R. Civ. P. 37(b)(2)(A). The Court finds that Defendant Kerry Dyles ("Defendant") has failed to comply with several Court Orders relating to discovery, the latest of which prompts this Court to recommend that sanctions be entered against him for his longstanding and dilatory discovery abuses and disrespect for the Court. Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1(C), the Court recommends that default judgment be entered against Defendant.

I. Background

Defendant Dyles, who is represented by counsel, has failed to comply with five discovery Orders issued by the Court.[1]

---

[1] Defendant has, at all times pertinent to this dispute, been represented by counsel. On March 13, 2008, attorney Bruce Alan Logan of MC Williams & Associates entered an appearance on behalf of Defendant [Docket No. 103]. The appearance also purported to be a substitution for Defendant's acting counsel through that date, Dereck C. Epps of the Law Office of Dereck C. Epps, LLC, and Kristal L. Bernert of KLB Services, LLC. Until such time as those

First, on November 6, 2007, Plaintiff moved to compel Defendant to respond to Plaintiff's Combined Discovery Requests [Docket No. 74] ("First Motion to Compel"). Defendant did not respond. On November 28, 2007, I granted Plaintiff's First Motion to Compel and ordered Defendant to comply with my Order by December 7, 2007 [Docket No. 77] ("November 28, 2007 Order"). I also indicated that Defendant's "failure to raise objections to the Combined Discovery Requests waives all such objections, other than those based on privilege." November 28, 2007 Order at 2 [Docket No. 77]. Finally, I noted that Defendant's "failure to comply with this Order will result in the imposition of further sanctions, including the possibility of entry of a default judgment against him without further notice." *Id.* Defendant failed to comply with my **November 28, 2007 Order**.

Second, in conjunction with my Order regarding the First Motion to Compel, I awarded Plaintiff the reasonable attorney fees associated with litigating the Motion to Compel pursuant to Fed. R. Civ. P. 37(a). I was particularly moved to require Defendant to pay fees because he was represented by counsel and nothing in the record before the Court excused his total failure to respond to the Combined Discovery Requests or to the Motion to Compel. I directed Plaintiff to file affidavits by December 7, 2007, certifying its reasonable attorney fees. Plaintiff did so [Docket Nos. 86-88]. I also directed Defendant to file his objections to those affidavits, if any, no later than December 11, 2007. Defendant did not object. As such, on January 7, 2008, I issued an Order directing Defendant to pay $8,382.50 in attorney fees to Plaintiff by February 1, 2008 [Docket No. 90] ("January 7,

---

attorneys move to withdraw, they also remain as counsel of record for Defendant.

2008 Order").[2] In that Order, I warned Defendant that his failure to pay Plaintiff by the deadline would prompt the Court to recommend that judgment be entered against him in that amount. Defendant failed to comply with my **January 7, 2008 Order** and has offered no reasonable explanation for his clear disregard of my Order.[3]

Third, due to Defendant's failure to comply with my Order of November 28, 2007, Plaintiff filed a second motion to compel Defendant to respond to Plaintiff's discovery requests [Docket No. 96] ("Second Motion to Compel"). On April 3, 2008, I conducted a hearing to address the motion. Defendant acknowledged that he had not fully responded to the Combined Discovery Requests. Rather than rule on the Second Motion to Compel at that time, I gave Defendant until noon on April 14, 2008 to fully respond to Plaintiff's outstanding discovery requests [Docket No. 114] ("April 3, 2008 Order").[4] I noted that I would take Defendant's timely compliance with my April 3, 2008 Order into consideration

---

[2] Although Defendant failed to object, I reduced the amount of fees requested by Plaintiff from $9,130.00 to $ 8,382.50 [Docket No. 90].

[3] Defendant's failure to comply with this Order prompted me to issue an Order to Show Cause to Defendant why judgment should not be entered or other sanctions imposed. Thereafter, I issued a Recommendation that judgment be entered against Defendant in the amount of $8,382.50 [Docket No. 119]. The Recommendation is pending before the District Court Judge. To date, Defendant has not filed an objection. His deadline for doing so was April 30, 2008. At the time of the Court's Recommendation, the Court considered recommending entry of default judgment against Defendant, but rejected doing so in favor of giving Defendant a chance to mitigate his noncompliance with my November 28, 2007 Order by fully responding to the outstanding Combined Discovery Requests. The Court was also persuaded not to recommend default judgment because of the appearance of new counsel for Defendant who had not participated in Defendant's discovery abuses up to that point. *See infra* note 1. Since the filing of my Recommendation, however, Defendant has failed to comply with three additional Court Orders, and the Court is now prompted to recommend that default judgment be entered against him.

[4] The Court notes that April 14, 2008 was the date proposed by Defendant for him to fully respond to the Combined Discovery Requests.

3

in determining whether and how much to sanction Defendant for his failure to comply with my first discovery Order. Defendant did not comply with my **April 3, 2008 Order**.[5]

Fourth, on April 16, 2008, Plaintiff filed a Status Report and indicated that Defendant failed to comply with my April 3, 2008 Order, and that Defendant had still not fully responded to the outstanding Combined Discovery Requests [Docket No. 120]. Plaintiff's Status Report indicated that Defendant had only partially responded to the outstanding discovery requests, and that he did not do so in a timely way. On April 21, 2008, I ordered Defendant to respond to the Status Report by April 28, 2008 [Docket No. 121] ("April 21, 2008 Order"). I also informed Defendant that his failure to timely comply with my April 21, 2008 Order "may result in the Court recommending that default judgment be entered against Defendant Dyles." April 21, 2008 Order at 1 [Docket No. 121]. Despite my clear admonition, Defendant failed to timely comply with my **April 21, 2008 Order**. While he did file a response, he filed it out of time and offered no justification for his inability to meet the Court-ordered deadline [Docket No. 127]. Moreover, in Defendant's untimely response, he acknowledged that he did not comply with the Court's April 14, 2008 deadline. While he also acknowledged that he had not fully responded to the outstanding discovery requests, he described in detail the substantial amount of information and documents he had produced since the April 3, 2008 hearing. The Court reviewed both the Status Report and Defendant's Response and found that Defendant's discovery responses were inadequate.

---

[5] On May 13, 2008, Plaintiff filed a Supplement to its Second Motion to Compel asking that any sanction of fees imposed by the Court also be bourne by Defendant's counsel Dereck Epps and Kristal Bernert [Docket No. 129]. *See supra* note 1. However, because the Court finds that no sanction less than default judgment would be effective, the Court declines to consider whether an alternate monetary sanction against Defendant or his counsel is warranted.

4

Fifth, on May 6, 2008, the Court issued an Order which provided Defendant a final opportunity to remedy his discovery abuses and fully respond to the outstanding Combined Discovery Requests [Docket No. 128] ("May 6, 2008 Order"). The Court directed Defendant to provide discovery regarding a detailed list of items on or before 5:00 p.m. on May 13, 2008. The Court also required Defendant and his counsel to file a written certificate of compliance with the May 6, 2008 Order on or before 5:00 p.m. on May 13, 2008. The Court clearly articulated its expectations to Defendant:

> **[T]he failure to fully comply with this Order will result in the Court recommending that default judgment be entered against Defendant as a discovery sanction without further notice**. Full compliance with this Order can only be satisfied by (1) timely providing to Plaintiff the information and documents described in items A-I **and** (2) timely filing a written certificate of compliance signed by Defendant and his counsel.

May 6, 2008 Order at 6 [Docket No. 128]. Defendant failed to comply with my **May 6, 2008 Order**. Neither he nor his counsel submitted a certificate of compliance.

## II. Discussion

The Court's "discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular "claim" which was at issue in the order to provide discovery.'" *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992) (citation omitted). Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi), "when a party fails to comply with a discovery order, the Court may impose a default judgment against the disobedient party as a sanction." *New Age Elecs., Inc. v. Spectrum Communs. Group, Inc.*, No. 06-cv-00723-MSK-MEH, 2007 WL 1395327, at *2 (D. Colo. May 9, 2007) (unpublished decision).

However, prior to doing so, the Court must consider the factors set forth in *Ehrenhaus*,[6] namely: "(1) the degree of actual prejudice to the [injured party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).

The sanction of dismissal, including default judgment, "is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). While the Court is mindful of the fact that "[d]efault judgment is a harsh sanction," it is justified when "'predicated upon willfulness, bad faith, or [some] fault of petitioner' rather than the inability to comply." *Signer v. Pimkova*, 05-cv-02039-REB-MJW, 2007 WL 1058578, at *1 (D. Colo. Apr. 6, 2007) (unpublished decision) (citations omitted).

### A.   Prejudice to Plaintiff

I find that Defendant's conduct prejudiced Plaintiff's ability to prosecute its case. In this regard, the Court notes that Defendant's abuses have caused Plaintiff to expend unnecessary resources and time to seek Defendant's compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court. Defendant's conduct has also

---

[6] The Court notes that pursuant to Rule 37, the *Ehrenhaus* factors apply both to a sanction of default judgment and to dismissal of a case. *See, e.g.*, *New Age Elecs.*, 2007 WL 1395327, at *2 (applying the factors to a recommendation for default judgment against defendants for discovery abuses).

unnecessarily delayed or prevented Plaintiff from obtaining discovery on key issues, which has required Plaintiff to seek relief of the Court regarding case deadlines. I note that the Combined Discovery Requests, which were served on August 24, 2007, have now been pending for approximately 270 days. In addition, Defendant's complete failure to respond to Plaintiff's Combined Discovery Requests at the outset was wholly unjustified. Further, Defendant's continued failure to fully respond to the discovery requests is equally unjustified. Both actions, in addition to those set forth above, clearly prejudiced Plaintiff and negatively impacted its ability to move forward with this case.

      **B.**      **Interference with the Judicial Process**

I find that Defendant's conduct in this case has interfered with the judicial process. Just as Plaintiffs are burdened by Defendant's abuses so, too, is the Court. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). The Court is, frankly, perplexed and offended by Defendant's behavior. Defendant's conduct has required the Court to issue no less than nine Orders related in some way to Defendant's neglect of his discovery responsibilities. Moreover, the Court's continual review of this case and the issuance of Orders prompted by Defendant's discovery abuses and disregard for Court Orders increases the workload of the Court and interferes with the administration of justice. Indeed, Defendant's conduct has required the Court to expend unnecessary effort and time and has taken its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct.

4, 2006) (unpublished decision).

   C.   **Culpability of Defendant**

Defendant has, without any reasonable excuse, failed to comply with five Orders of the Court. Moreover, the Combined Discovery Requests have been pending since August 24, 2007, with no date for Defendant's compliance in sight. His conduct has prompted the Court to issue a Recommendation that judgment be entered against him in a specific dollar amount [Docket No. 119] and the present Recommendation. Moreover, despite the Court's leniency related to the Second Motion to Compel, Defendant acknowledged that he was still not in compliance with the Court's Order, and suggested that the Court should continue to wait for Defendant to comply before taking action. Response to Status Report at 1, 4 [Docket No. 127]. When the Court gave Defendant a final opportunity to remedy his noncompliance, Defendant failed to comply with the Court's Order. Defendant's failure to respond in full to the Combined Discovery Requests and his most recent failure to comply with my May 6, 2008 Order appear to be willful. Simply, he knew what the Court expected of him, but he willfully chose to disregard my clear Orders. The Court also notes that despite Defendant's continued representation by legal counsel, his ability to file objections with the District Court or to move the Court to reconsider its Orders, Defendant chose not to raise any challenge to the five Orders at issue here and must now suffer the justified consequences of his noncompliance. Considering the record before the Court, I find that Defendant's disregard for my Orders and the discovery process was willful, and that he is responsible for his litigation abuses.[7]

---

[7] The Court notes that at the April 3, 2008 hearing, the Court specifically informed Defendant that it was his responsibility to comply with discovery, and that he had an obligation

8

### D. Advance Notice of Sanction of Dismissal

Defendant was warned as recently as my Order of May 6, 2008 that his failure to comply with my discovery Order would result in this Court recommending the sanction of default judgment [Docket No. 128]. I first warned Defendant in my November 28, 2007 Order that his failure to comply could result in the Court recommending default judgment [Docket No. 77]. In addition, in my Recommendation to enter judgment against Defendant for a sum certain, I clearly stated that "the Court could recommend further sanctions against Defendant Dyles pursuant to Rule 37(b)(2)(A), e.g. default judgment," but that at that time I was inclined to give Defendant another chance. Recommendation at 3 [Docket No. 119]. While I noted that I did not feel Defendant's conduct rose to the level of willfulness required at that time, Defendant knew, or reasonably should have known, that his continued litigation abuses in this case could result in such a sanction in the future. Since my first Recommendation was issued, I have learned that Defendant has failed to comply with three additional discovery Orders. Accordingly, it should be no surprise to Defendant that his conduct could result in a sanction of default judgment.

### E. Efficacy of a Lesser Sanction

Finally, I find that no sanction less than default judgment would be effective. Orders requiring Defendant's compliance, warnings about possible future sanctions, and the imposition of lesser sanctions have been resoundingly unsuccessful. In fact, leniency on my part has been rewarded with further disrespect for the Court, Plaintiff, and the discovery process. In addition, the Court has already ordered Defendant to pay a monetary sanction

---

to assist his lawyer to ensure his compliance.

for his discovery abuses, an Order that was completely ignored.  Moreover, it is entirely clear to the Court that Defendant is wholly unconcerned about proceeding with this case under anyone else's timeline but his own.  Under these circumstances, no lesser sanction would be effective.  Default judgment is the appropriate result.  *See, e.g.*, *EBI Sec. Corp. v. Hamouth*, 219 F.R.D. 642, 647-48 (D. Colo. 2004) (entering default judgment for defendants' disregard of discovery orders, their failure to meet deadlines to comply or make requests for extension, and their inability to offer reasonable justifications for their failures); *Haskins v. Lister*, 626 F.2d 42, 43 (8th Cir. 1980) (upholding sanction of default judgment for defendant's failure to fully comply with discovery orders particularly considering court's efforts to accommodate defendant and its initial imposition of lesser sanctions); *Emerick v. Fenick Indus., Inc.*, 539 F.2d 1379, 1380-81 (5th Cir. 1976) (upholding sanction of default judgment where discovery had been pending for eleven months and defendant still not in compliance despite its insistence that it could not comply); *Lindsey v. Jackson*, 87 F.R.D. 405, 407-08 (N.D. Miss. 1980) (entering default judgment where defendant failed to timely comply with discovery orders, offered no excuse, did not seek extensions of time to comply, and had been warned for five months that he would be sanctioned for noncompliance).

### III.  Conclusion

For the reasons stated above, the Court **RECOMMENDS** that **DEFAULT JUDGMENT** be entered against Defendant Kerry Dyles for an amount to be determined either upon motion or by hearing.

IT IS FURTHER **ORDERED** that the Second Motion to Compel [Docket No. 96] is **DENIED as moot.**

Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 21, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix