IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00249-REB-KLM

TAX SERVICES OF AMERICA, INC.,

    Plaintiff,

v.

LINDA MITCHELL,
HAMIDOU DIARRA, and
KERRY DYLES,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTIONS FOR ENTRY OF JUDGMENT

**Blackburn, J.**

    The matters before me are (1) **Plaintiff's Motion for Entry of Judgment Against Defendant Hamidou Diarra** [#176] filed October 29, 2008; and (2) **Plaintiff's Motion for Entry of Judgment Against Defendant Linda Mitchell** [#177] filed October 29, 2008. I grant the motions.

    On July 21, 2008, I granted summary judgment in favor of plaintiff on its breach of contract claims against defendants Mitchell and Diarra. (*See* **Order Granting Plaintiff's Motion for Summary Judgment** [#164] entered July 21, 2008.) As a result, I found that plaintiff was entitled to damages from Mitchell and Diarra in the amount of its future lost profits and lost investment value in 2007 and 2008.[1] However, plaintiff's damages calculations included amounts for periods not appropriately attributable to

---

[1] I found also that plaintiff was entitled to attorney fees, expert witness fees, and costs against defendant Mitchell pursuant to the terms of the Purchase and Sale Agreement she executed with plaintiff.

defendants' breaches and for prejudgment interest.  I found these amounts to be inappropriate and ordered plaintiff to resubmit its damages calculations less these items.  The present motions are responsive to that portion of my order.  Neither Mitchell nor Diarra filed a response.

Plaintiff has submitted the supplemental declaration of Lisa Meer, which demonstrates a total amount of damages for lost profits and lost investment value in 2007 and 2008 of $239,292.[2]  This amount is fully supported by the evidence of record, and I, therefore, find and conclude that plaintiff is entitled to damages in that amount.  Although plaintiff has apportioned the damages between Mitchell and Diarra, it provides nothing to show how the apportionment was determined.  Nor is apportionment necessary, as defendants properly are held jointly and severally liable for all plaintiff's damages. [3]

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Plaintiff's Motion for Entry of Judgment Against Defendant Hamidou Diarra** [#176] filed October 29, 2008, is **GRANTED**; and

---

[2] The Meer Declaration actually states that the amount is $239,293, but based on the figures of lost profits of $79,944 in fiscal year 2007 and $64.726 in fiscal year 2008, plus lost investment value of $94.622, my calculations reveal the total amount of damages as $239,292.

[3] I will direct the entry of judgment and final award of damages, fees, costs, and post-judgment interest against defendants by separate order.

2

2. That **Plaintiff's Motion for Entry of Judgment Against Defendant Linda Mitchell** [#177] filed October 29, 2008, is **GRANTED**.

Dated February 24, 2009, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge