**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  07-cv-00249-REB-PAC

TAX SERVICES OF AMERICA, INC.,

      Plaintiff,

v.

LINDA MITCHELL,
HAMIDOU DIARRA, and
KERRY DYLES,

      Defendants.

---

## ORDER RE: MOTION TO ALTER OR AMEND JUDGMENT

---

**Blackburn, J.**

      The matter before me is **Plaintiff's Motion To Alter or Amend the Judgment** [#183], filed March 10, 2009.[1]  I grant the motion in part and deny it in part.

      On February 24, 2009, I entered an **Order for Judgment** [#182] directing the Clerk of the Court to enter judgment against defendants Linda Mitchell, Hamidou Diarra, and Kerry Dyles.  I inadvertently admitted amounts previously awarded to plaintiff as discovery sanctions against Diarra and Dyles.  (*See* **Order Overruling Objections to and Adopting Recommendation of the United States Magistrate Judge** ¶ 5 at 2-3 [#161] filed July 14, 2008; **Order Adopting Recommendation of the United States Magistrate Judge** ¶ 4 at 2 [#160] filed July 14, 2008.) To that extent, therefore, plaintiff's motion should be granted.

---

[1] Despite the implication of the title of plaintiff's motion, judgment has not yet been entered in this matter.  I, therefore, construe the motion as seeking reconsideration of my **Order for Judgment** [#182] filed February 24, 2009.

Plaintiff also seeks to amend the judgment to include three new entities allegedly incorporated by defendant Dyles, who previously operated as a sole proprietorship, during the pendency of this litigation.  Plaintiff fears that "[w]ere this Court to deny this Motion, Dyles could funnel all of the cash proceeds from his erstwhile sole proprietorship into accounts under the corporate names and thereby frustrate [plaintiff's] efforts to execute on the Judgment[.]" Not only has plaintiff failed to produce any evidence that Dyles's has in fact taken such actions, it provides absolutely no apposite legal authority to support amendment of the pleadings to include three entities which did not even exist at the time of the events giving rise to this lawsuit.  Unlike the cases cited by plaintiff, this is not a mere case of party misnomer.  These entities did not appear or participate in this litigation, and there is no evidence to suggest that they could potentially be liable for the judgment against Dyles.  Plaintiff's inchoate fear of inability to collect its judgment provides no basis for amending the pleadings to include these entities.[2]

THEREFORE, IT IS ORDERED as follows:

1.  That  **Plaintiff's Motion To Alter or Amend the Judgment** [#183] filed March 10, 2009, is **GRANTED IN PART** and **DENIED IN PART**:

a.  That the motion is **GRANTED** insofar as it seeks amendment of the **Order for Judgment** [#182] filed February 24, 2009, to include the amounts previously awarded against defendants, Hamidou Diarra and Kerry Dyles, as discovery sanctions;

---

[2] If, in fact, it happens that Dyles does attempt to frustrate plaintiff's efforts to collect its judgment by shielding them via these entities, plaintiff of course may take advantage of all available post-judgment remedies to address the situation.

2

and

      b.  That the motion is **DENIED** otherwise.

Dated May 13, 2009, at Denver, Colorado.

               **BY THE COURT:**

Robert E. Blackburn
United States District Judge